350

F. M. & Lyda M. BRIXEY, Husband and Wife, and
Frank N. & Martha Marie BRIXEY, Husband and Wife,
*v.* CITY OF BOONEVILLE, ARKANSAS

84-305                                    687 S.W.2d 126

Supreme Court of Arkansas
Opinion delivered April 8, 1985
[Rehearing denied May 13, 1985.]

*Martin, Vater & Karr,* by: *Charles Karr,* for appellant.

*Paul X. Williams, Jr.,* and *Paul Danielson,* by: *Paul
Danielson,* for appellee.

JACK HOLT, JR., Chief Justice. This case raises questions
about the right of a city to condemn land. We find that the
appellants are precluded from raising these issues. Juris-
diction is pursuant to Sup. Ct. R. 29(1)(n) because the case
involves oil and gas rights.

On June 4, 1975, the city of Booneville filed suit in

Sebastian County Circuit Court to condemn flowage easements over lands owned by the appellants. The purpose of the taking was to provide for impounding water and rights of way for water lines and other facilities necessary for a water distribution system which the city was developing. On the day before the trial of the case, the city filed an amendment to its complaint, seeking a fee simple interest in the lands rather than flowage easements. No objection was made to the amendment and the jury issued verdicts upon the complaint as amended. The verdicts awarded compensation for the lands taken to the defendants, who are the appellants in this proceeding, with judgment entered on the verdicts on October 30, 1975.

In 1984 appellants filed this chancery action seeking a declaratory judgment reserving to them the oil, gas and other mineral rights underlying the lands acquired by Booneville in the 1975 judgment.

The trial court found that the city did condemn the lands in question in fee simple, and the same was done properly. We agree.

Appellants argue that the Sebastian County Circuit Court, which entered the 1975 judgment of condemnation did not have jurisdiction to award the fee simple estate because of the general rule of eminent domain that no more property of a private individual, and no greater interest therein, can be condemned and set apart for public use than is absolutely necessary to satisfy the public purpose. This general rule still applies, however, it is also a rule that when the property owners, in this instance the appellants, thought that the lands were about to be condemned, and an interest greater than necessary was about to be taken, an answer should have been filed at that time contesting the taking, with a motion to transfer to equity. *Selle* v. *City of Fayetteville,* 207 Ark. 966, 184 S.W.2d 58 (1944). This was not done. Thus, the right of the appelants to litigate these questions is deemed to have been waived and the appellants are precluded from raising this issue at this late date. *Selle* v. *City of Fayetteville,* supra.

The city of Booneville had the authority to take a fee simple interest under Ark. Stat. Ann. § 35-902 (Repl. 1962). The amended complaint of the city clearly declares a fee simple taking and the amounts awarded, which were accepted by the appellants, fully support the taking of a fee.

Accordingly, the chancellor was correct in finding that the city did in fact acquire the lands in question in fee simple absolute and that the appellants were not entitled to claim any oil, gas or mineral rights underlying the lands.

Affirmed.